UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-109 (WMW/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **GOVERNMENT'S UNOPPOSED MOTION TO DESIGNATE CASE AS COMPLEX UNDER THE SPEEDY TRIAL ACT** |
| v. | |
| DEREK MICHAEL CHAUVIN, | |
| Defendant. | |

The United States of America, by and through its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Samantha Trepel, Special Litigation Counsel for the Civil Rights Division, respectfully moves the Court for an order designating the above-captioned matter as a complex case for purposes of the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(ii) and (iv). The grounds for this motion are as follows.

1. The grand jury returned an indictment on the above-referenced matter on May 6, 2021. The indictment charges the defendant in two counts with Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242, resulting in bodily injury to a fourteen-year-old identified as "Juvenile 1."

2. While the underlying facts of the crime alleged in the indictment are relatively limited in scope, the nature of the prosecution presents challenges that make the case, and the discovery process, complex. First, the case has been noticed by the Government as a possible related case to *United States v. Chauvin et al.*, Crim. No. 21-108 (PAM/TNL) (*see* ECF No. 6), and discovery overlaps with and would be most efficiently

produced simultaneous to discovery in the related case.[1]  Second, the prosecution of a Deprivation of Rights Under Color of Law case involves the disclosure of information that goes well beyond the circumstances on the date of the offense, and here includes voluminous video and audio recordings, policy and training materials, medical and autopsy records, personnel records, use of expert testimony, and records of prior incidents involving the defendant.  Third, federal and state agencies have conducted independent but coordinated investigations while a state prosecution based on the same conduct of the defendant in the related case proceeds in state court.  *See State of Minnesota v. Derek Chauvin*, No. 27-CR-20-12646.  The state prosecution of the defendant has already resulted in one weeks-long trial involving the testimony of more than 30 witnesses, many of whom are also potential witnesses in the instant case.  The United States anticipates additional relevant discovery materials may have been generated during the state prosecution, requiring further discovery and disclosures.

3. Discovery in this case will be extensive.  The United States received responses to more than forty grand jury subpoenas for records for this case and the related case; many of the responses were voluminous, constituting thousands of documents and items of media.  The United States currently has hundreds of gigabytes of media data and document discovery (totaling tens of thousands of pages and media items) to be disclosed to the defense.  Because of the volume of data in this case and the related case, discovery

---

[1] A similar Unopposed Motion To Designate Case As Complex Under The Speedy Trial Act has been filed in the related case.  *See United States v. Chauvin et al.*, Crim. No. 21-108 (PAM/TNL), ECF No. 52.

is being processed out of state. Consequently, production processing times are lengthier than cases typically handled in the U.S. Attorney's Office for the District of Minnesota. Additionally, the related case will likely involve testimony by multiple expert witnesses for the government and defense at trial. These experts will produce expert reports which may be the subject of pretrial litigation, and may constitute information that is discoverable in this case.

4. The processing and disclosure of records in this case is also made complex by the Government's intent to provide the discovery to the defense in an organized manner. The Government understands that much of the discovery it will provide to defense counsel has already been provided to defense counsel in the course of the state prosecutions. To assist with the efficient review of such discovery, the United States is willing to create a spreadsheet of all records and items of discovery that will assist the review of discovery and facilitate the ability of the parties to: (a) cross reference records disclosed in the federal case with those records disclosed in the state case; and (b) identify records from the federal investigation that may not have been part of the investigation or discovery in the state case.

5. The Speedy Trial Act requires that trial begin within 70 days after a defendant is charged or makes an initial appearance unless the running of the time is stopped for reasons set out in the statute. *See* 18 U.S.C. § 3161; *United States v. Lucas*, 499 F.3d 769, 782 (8th Cir. 2007). Periods of delay caused by pretrial motions are excluded from the calculation of this 70-day time frame, as are continuances granted by the court in order to best serve "the ends of justice." *United States v. Shepard*, 462 F.3d 847, 863 (8th Cir. 2006). Local Rule 12.1 sets forth time periods for discovery disclosures, filing of

pretrial motions, and motions hearings.  Under the local rules, to the extent practicable, the Government shall produce discovery within 7 days of arraignment, defendants shall produce reciprocal discovery within 14 days of arraignment, and the parties shall file pretrial motions within 21 days of arraignment.  L.R. 12.1(a)-(c).

6. Under Section 3161(h)(7)(B)(ii), the court may continue proceedings beyond the time limits established by the Speedy Trial Act if the court finds "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself."  Even if a case is not so unusual or complex as to fall within clause (ii), Section 3161(h)(7)(B)(iv) permits a continuance where the failure to do so "would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

7. Given the complexity of this case and the related case, the nature of the investigation and prosecution, including but not limited to the complicated factual and legal issues involved, expected expert testimony, and the volume of discovery the Government will produce, an enlargement of these time periods serves the interests of the parties and the ends of justice.  This matter will require extensive document and evidence review and preparation, such that it is unreasonable to expect adequate preparation under the standard scheduling order, and for the trial, within the time limits of the Speedy Trial Act or the time limits as typically set by this Court.  Therefore, an exclusion of time under 18 U.S.C.

§ 3161(h)(7)(B)(ii) and (iv) is warranted. The Government expects that it will produce discovery as described *supra* following the issuance of a protective order in this case.

8. The Government has conferred with defense counsel for the defendant. Counsel for the defendant agrees with the bases cited for designating the instant case as complex in the Government's Unopposed Motion to Designate the Case as Complex Under the Speedy Trial Act and does not oppose the motion.

For the foregoing reasons, the United States moves the Court for an order finding that this case is unusual and complex such that it is unreasonable to expect adequate preparation for trial within the narrow time limits ordinarily set by the Speedy Trial Statute and that failure to grant a continuance would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, 18 U.S.C. §§ 3161(h)(8)(B)(ii) and (iv). The United States submits that the Court's order should find that a continuance of all deadlines by at least 60 days on the above grounds satisfies the ends of justice and outweighs the best interests of the public and the defendant in a speedy trial.

Dated: June 1, 2021                                      Respectfully submitted,

W. ANDERS FOLK                                           KRISTEN CLARKE
Acting United States Attorney                            Assistant Attorney General


/s/ *W. Anders Folk*                                     /s/ *Samantha Trepel*
BY:  W. ANDERS FOLK                                      BY:  Samantha Trepel
Acting United States Attorney                            Special Litigation Counsel
Attorney ID No. 0311388                                  Attorney ID No. 992377 DC