UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-109 (WMW/HB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**ORDER**

DEREK MICHAEL CHAUVIN,

    Defendant.

    This matter is before the Court on the Government's Unopposed Motion to Designate Case as Complex Under the Speedy Trial Act, which requests a 60-day continuance of all deadlines in this case. (ECF No. 15.) The Government represents that counsel for Defendant agrees with the bases cited for designating the instant case as complex and does not oppose the motion.

    In its motion, the Government represents that this case is complex in that the indicted conduct involves a prosecution for Deprivation of Rights Under Color of Law and has been noticed by the Government as a possible related case to *United States v. Chauvin et al.*, Case No. 21-cr-108 (PAM/TNL) (*see* ECF No. 6). The Government suggests that discovery in this case overlaps with and would be most efficiently produced simultaneously with discovery in the other case pending against Defendant. It further states that such discovery will involve the disclosure of information that goes well beyond the circumstances on the date of the offense, including voluminous video and audio recordings, policy and training materials, medical and autopsy records, personnel records, expert

reports, and records of prior incidents.  According to the Government, these disclosures will constitute hundreds of gigabytes of media data and document discovery, totaling tens of thousands of pages and media items.  Additionally, the Government states that the other case against Defendant will likely involve multiple expert witnesses for the Government and defense, and that those experts will produce expert reports that may be the subject of pretrial discovery and motion practice and may constitute information that is discoverable in this case.  Finally, the Government represents that it will require additional time to organize the discovery to facilitate a more efficient review of records by the defense.

Without taking any position on whether this case is "related" to the other case pending against Defendant, or on the extent to which discovery in this case should be coordinated with discovery in that case, the Court is satisfied, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv), that given the complexity of this case, the nature of the investigation and prosecution, including but not limited to the complicated factual and legal issues involved, expected expert testimony, and the volume of discovery the Government will produce, this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits of the Speedy Trial Act.  Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by the granting of a continuance outweigh the best interest of the public and the defendants in a speedy trial.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government's Unopposed Motion to Designate Case as Complex Under the Speedy Trial Act (ECF No. 15) is **GRANTED**.

2. The Court hereby designates the case as "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv), and the Government's request to designate this case as complex is **GRANTED**.

3. The Court will issue a separate scheduling order extending the Government's deadline for Rule 16 disclosures by 60 days, and setting other pretrial deadlines accordingly, including Defendant's disclosure deadlines and motions deadlines, and making the appropriate exclusion of time from the Speedy Trial Act computations in this time.

Dated:  June 3, 2021                                s/*Hildy Bowbeer*
                                                                  HILDY BOWBEER
                                                                  United States Magistrate Judge