UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-109 (WMW/HB)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DEREK MICHAEL CHAUVIN,

        Defendant.

**SCHEDULING ORDER**

## I. INTRODUCTION

For several reasons, the Court has already designated this case as complex pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(ii) and (iv), and has granted a 60-days extension of the deadlines that ordinarily govern criminal cases in the District of Minnesota. (June 3, 2021 Order [ECF No. 16].) That designation and the resulting extension were based upon the Court's finding that "given the complexity of this case, the nature of the investigation and prosecution, including but not limited to the complicated factual and legal issues involved, expected expert testimony, and the volume of discovery the Government will produce, this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits of the Speedy Trial Act." (*Id.* at 2.) Due in part to the duration and depth of the investigation in this case, there will be a large amount of pretrial discovery, and many pretrial motions, including motions to suppress, may be filed by Defendant. In addition, the discovery, and the issues raised by the motions, may overlap with another case involving the same Defendant, *United States*

*v. Chauvin et al.*, Case No. 21-cr-108 (PAM/TNL), adding to the complexity of pretrial scheduling. Moreover, the current COVID-19 pandemic will likely continue to impede in-person communications and court appearances, requiring additional planning and coordination over the next several months. For these reasons, the schedule established by this Order represents a significant deviation from the schedules that ordinarily govern criminal cases in the District of Minnesota.

In addition, this Scheduling Order also proactively addresses certain non-dispositive motions that are commonly filed in this District, which seek the disclosure of information and notice of an intention to introduce certain types of evidence, or to invoke the protections of *Brady v. Maryland.* These motions for discovery and disclosures, which are commonly referred to as "boilerplate" motions, often ask the Court to enter an order granting relief that is already required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the United States Code, or binding case law. Thus, to promote effective management of this case, this Order preemptively addressese these matters without the need for Defendant to file multiple motions on these subjects, but also provides an opportunity for Defendant or the Government to object to these requirements by filing a motion to modify this Scheduling Order.

Accordingly, based upon all of the files and proceedings herein, and pursuant to Local Rule 12.1 (copy attached), **IT IS HEREBY ORDERED** that:

II.     PRETRIAL DEADLINES

1.      The Government must make all disclosures required by Federal Rule of Criminal Procedure 16(a) by **August 2, 2021**. In order to avoid the need for a recess of

the motions hearing, the Government is requested to make all disclosures that will be required by Fed. R. Crim. P. 26.2 and 12(h) by **August 2, 2021.**

2.	Defendant must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **August 9, 2021**.

3.	All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **August 16, 2021**. Counsel should read section III below, which will render the filing of certain standard motions unnecessary. Counsel for the Government and for Defendant must electronically file a letter on or before **August 16, 2021**, if no motions will be filed and there is no need for hearing.

To the extent practicable, counsel for each Defendant shall confer with counsel for the Government ahead of filing motions to clarify the issues in dispute, the need for testimony, and the matters that will be covered at a hearing. D. Minn. L.R. 12.1(b). in addition, any motions should be as specific as possible, and should identify with particularity the matters at issue and the evidence for which suppression is sought, to enable all counsel and the Court to prepare adequately for the hearing.

If Defendant is unable to meet the deadlines of Paragraphs 2 or 3, he must file a motion to modify this Scheduling Order on or before **August 6, 2021**.

4.	In light of the current COVID-19 situation, the Court has limited ability to hold in-person motion hearings at this time, and for the duration of the pandemic. Therefore, by **August 16, 2021,** counsel for Defendant must electronically file a letter

indicating whether Defendant consents to hold the motion hearing in this matter via video conference.

     5.     All responses to motions must be filed by **August 30, 2021**.

     6.     If pretrial motions are filed, counsel for the Government and counsel for Defendant should continue to confer following the filing of such motions.  Informed by those discussions, the Government must file its Notice of Intent to Call Witnesses by **August 30, 2021,** in accordance with D. Minn. L.R. 12.1(c)(3)(A).  if they have not already been provided to opposing counsel.

     7.     Any Responsive Notice of Intent to Call Witnesses must be filed by **September 2, 2021**.  D. Minn. LR 12.1(c)(3)(B).

     8.     A motions hearing will be held pursuant to Federal Rule of Criminal Procedure 12(c) where:

         a. The Government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

         b. Oral argument is requested by either party in its motion, objection, or responsive papers.

     9.     If required, and subject to Defendant's consent to proceed by video means or further order of the Court, the motions hearing will be held before Magistrate Judge Hildy Bowbeer on **September 16, 2021 at 9:30 a.m. by Zoom for Government videoconference technology.**  If Defendant does not consent to a video hearing, the hearing may be rescheduled to another date for an in-person hearing.

10. Subject to Defendant's consent to proceed by video means or further order of the Court, Defendant will be arraigned at the motions hearing on **September 16, 2021 at 9:30 a.m**.

11. The Court does not now issue a trial date for this matter. Instead, a trial date and related deadlines will be issued at a future date by the Honorable Wilhelmina M. Wright, United States District Judge, based upon the scope and scale of pretrial litigation in this case.

## III.   DISCOVERY AND DISCLOSURE ORDERS

As previewed above, this Scheduling Order proactively addresses several "boilerplate" discovery and disclosure motions that are often filed by the Government or defendants in criminal cases by issuing the following Disclosure and Discovery Orders without the need for the Government or each defendant to file a motion on each of these issues.

**Either party may object to these requirements by filing a motion to modify this Scheduling Order on or before August 6, 2021.**

### 1.   Discovery

The Government shall provide discovery to Defendant and allow inspection as required by Federal Rule of Criminal Procedure 16(a). As provided above, the Government must complete such disclosures on or before **August 2, 2021**.

The Federal Rules of Criminal Procedure also place certain discovery burdens on criminal defendants. Defendant shall provide discovery as required by Federal Rule of Criminal Procedure 12 and 16 on or before **August 9, 2021**. In view of this Order, the

Court **DENIES WITHOUT PREJUDICE** the Government's Motion for Discovery [ECF No. 16].

2. *Brady* v. *Maryland*

Pursuant to the Due Process Protections Act, the Court confirms the Government's obligation to disclose to each Defendant all exculpatory evidence—that is, evidence that favors the defendant or casts doubt on the Government's case—as required by *Brady v. Maryland,* 373 U.S. 83 (1963), and all its progeny, and orders the United States to do so promptly and on an ongoing basis. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. The disclosures required by this Order and the Constitution include those contemplated by *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny.

3. **Notice Required Under Federal Rule of Evidence 404(b)**

Under Federal Rule of Evidence 404(b), "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose…." Fed. R. Evid. 404(b)(2). The prosecutor is required to provide reasonable pretrial notice of such evidence.[1] Fed. R. Evid. 404(b)(2). Accordingly, the Government shall disclose any Rule 404(b) evidence which it

---

1  Rule 404(b)'s disclosure requirements are generally triggered by a request from counsel for the defendant. In an effort to efficiently manage this litigation, the Court is going to assume that such a request has been or will be made by each attorney, and order the disclosures across the board.

will seek to introduce **no later than 30 days ahead of a trial in this matter**. If the Government believes that evidence at issue might be "intrinsic" to the charged offenses, but recognizes that it may present a close call as to whether it is covered by Rule 404(b), the Government should include such information in the notice required by this Order so that its admissibility can be addressed ahead of trial, if needed.

### 4. Jencks Act

The Jencks Act provides for full disclosure of a witness's previous statements following their testimony on direct examination, although it specifies that such documents need not be turned over at an earlier time. 18 U.S.C. §§ 3500(a) and (b). The Court cannot issue an Order requiring the "early" disclosure of Jencks Act material. *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008). However, given the scale of this case, and the significant delay that could be caused in any trial if early disclosures of Jencks Act materials are not made, the Court encourages the Government to disclose such statements **no later than two weeks ahead of any trial date**. Ideally, the Government will choose to provide "open file" discovery and disclose such information well ahead of trial.

### 5. Rough Notes

The Government is required to instruct any law enforcement agents and any confidential informants to retain and preserve all rough notes taken as part of their investigation. However, disclosure of rough notes is not required by this Order.

## IV. SPEEDY TRIAL EXCLUSIONS

For several reasons, the Court finds that time should be excluded from the Speedy Trial Act calculations in this case between the date of this Order and August 16, 2021, the

due date for filing motions in this case. First, this case has been designated a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv). That designation recognizes that the size and complexity of this case render it "unreasonable to expect adequate preparation for pretrial proceedings" to comply with the Speedy Trial Act. The Court has endeavored to adopt a schedule that moves this matter forward promptly, but that also allows both the Government and Defendant adequate time to prepare.

Second, we are currently in the midst of a global pandemic, which is having a significant impact on the Court, the Government, defense counsel, and, indeed, every participant in the judicial process. The District of Minnesota has recognized this and has issued several General Orders that acknowledge the fact that the pandemic is causing unavoidable delay in criminal cases, and the Court has excluded time from Speedy Trial Act calculations where appropriate. https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance. This reality compounds the need for additional time to complete the tasks set forth in this schedule. Therefore, the Court finds that the ends of justice are served by this schedule, as it balances the needs of the Defendant and the public for a speedy trial with the obligation of the Court to minimize the dangers posed by COVID-19. *See* 18 U.S.C. § 3161(h)(7)(A).

Accordingly, IT IS ORDERED that the time between the date of this Order and **September 16, 2021** should be excluded from the Speedy Trial Act calculations in this case.

Dated: June 4, 2021               s/*Hildy Bowbeer*
                                  HILDY BOWBEER
                                  United States Magistrate Judge