UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-109 (WMW/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEREK MICHAEL CHAUVIN,<br><br>Defendant. | **GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER GOVERNING DISCOVERY** |

The United States of America, by and through its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Samantha Trepel, Special Litigation Counsel for the Civil Rights Division, hereby moves the Court for an order protecting the distribution of personally identifiable information (PII) and other sensitive information of the victim, non-parties, and defendant in this criminal case pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure.

In support of its motion, the United States alleges and states the following:

1.  The defendant in this case is charged with deprivation of rights under color of law, in violation of Title 18, United States Code, Section 242.  There is one juvenile victim (hereinafter "Victim") and several adult and juvenile witnesses and potential witnesses in this matter.  Additionally, much of the discovery in this case relates to numerous adult and juvenile individuals involved in incidents separate from the charged conduct.  As noted in the Government's Unopposed Motion to Designate Case as Complex Under Speedy Trial Act (*see* ECF. No. 15), the discovery in this case overlaps with and

will most efficiently be produced simultaneous to discovery in *United States v. Chauvin et al.*, Crim. No. 21-108 (PAM/TNL).

2. The Government was ordered to disclose discovery to defense by August 2, 2021. The discovery materials in this case are voluminous. They include medical and autopsy records, search warrant records, employment and personnel records, financial records, interview reports, criminal history records, incident reports, and other documents that contain sensitive information and personal identifiers, including dates of birth, Social Security numbers, driver's license numbers, telephone numbers, email addresses, home addresses, and other PII of the Victim, non-parties (including juvenile non-parties), and the defendant.

3. Many records contained in the discovery materials also contain information that is typically considered sensitive and confidential in nature, including (1) medical records of the Victim, non-parties, and the defendant; (2) personnel files of the defendant and non-parties; and (3) documents containing criminal histories, including records of arrests with no resulting convictions and records of non-party juveniles. The personnel files contain, among other types of sensitive information, medical information, employment applications, and academic records.

4. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials. Fed. R. Crim. P. 16(d)(1). The Court therefore has the discretion to regulate and restrict discovery and the disclosure of discovery materials through use of protective

orders.  *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

5. Crime victims possess a statutory "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Courts are directed to "ensure that the crime victim is afforded the rights described in subsection (a)." 18 U.S.C. § 3771(b)(1). Attorneys for the Government are empowered by statute to "assert the rights described in subsection (a)." 18 U.S.C. § 3771(d)(1). Attorneys may effectively protect these rights by seeking a protective order from the court.

6. With respect to a child who is, or who is alleged to be, a victim of physical abuse or a witness to a crime committed against another person, employees of the Government, the Court, and the defendant and defendant's attorneys are required to "keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access." 18 U.S.C. § 3509(d)(1)(A)(i). Additionally, such individuals may only disclose documents disclosing the name and information concerning a child "to persons who, by reason of their participation in the proceeding, have reason to know such information." 18 U.S.C. § 3509(d)(1)(A)(i). Section 3509(d)(3) states that "[o]n motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child."

3

7. The United States is prepared to provide continuous redacted material via electronic discovery to the defendant and counsel and will make additional discovery available as it is obtained. However, redaction of the discovery materials, due to the volume of materials, would be impractical and unduly burdensome. Moreover, redaction of many items would impede the preparation of the defense, because redaction would render them less useful.

8. The Government is prepared to make unredacted discovery available to defendant's counsel for inspection in its offices, which would satisfy its disclosure obligations under the rules. However, both the Government and counsel for defendant would prefer, to the extent practicable, for the Government to be able to provide copies of the discovery to defense counsel for use in their own offices.

9. The United States and counsel for the defendant have conferred regarding this protective order, and defense counsel does not oppose the terms of the proposed protective order.

10. Therefore, in order to ensure the protection of the above-described personal and sensitive information and to avoid the disclosure of this information to other individuals, the United States respectfully requests that this Court enter a Protective Order limiting the dissemination of "Protected Material," as follows:

   a. The Government is authorized to disclose to the defense sensitive information, including records containing PII, in its possession that the Government believes necessary to comply with its discovery obligations.

  b. For the purpose of this Protective Order, "PII" means dates of birth, Social Security numbers, driver's license numbers, telephone numbers, email addresses, home addresses, and other personal information of the Victim, non-parties, and/or the defendant that is contained in the discovery. With respect to such individuals who are children, "PII" also includes the names of children.

  c. "Protected Material" means any discovery materials, including medical and autopsy reports, search warrant records, employment and personnel records, financial records, interview reports, criminal history records, and all other materials that contain unredacted PII of the Victim, any non-party, and/or the defendant. Protected Material does not include discovery material produced by the United States that does not contain PII of the Victim, non-parties, or the defendant. In the event that defendant's counsel has any question as to whether a particular piece of information contained in the discovery materials constitutes a PII, defendant's counsel may inquire of counsel for the United States for clarification.

  d. The Protected Material shall be held in strict confidentiality by the defendant and defense counsel and may be used only for purposes of this litigation.

  e. Protected Material may not be copied, disseminated or disclosed to any other person who is not directly involved in the defense of the charges against the defendant in this case.

f. Defense counsel shall limit the making of copies of the Protected Material to those necessary to his or her activities as counsel to the defendant in this action.

g. Protected Material shall not be given to the defendant in this case for him to retain. However, discovery materials produced by the United States that contain no PII may be given to the defendant, and discovery materials produced by the United States that contain PII of the defendant may be given to him.

h. Except as set forth in the preceding paragraph, Protected Material may be shown to the defendant but must remain in defense counsel's possession and control at all times and may not be left with the defendant. If defense counsel brings Protected Material to any detention facility, it must remain in defense counsel's possession and control at all times and may not be left with the defendant, and must be removed by counsel when he or she leaves the detention facility. In addition, defense counsel may advise the defendant of the contents of the Protected Material, including the PII.

i. Before the defendant is shown or advised of the contents of Protected Material, the defendant must read this Protective Order so that the defendant understands and agrees that he is bound not to disclose the PII contained in the materials to any person who is not directly involved in the defense of the charges against the defendant in this case.

  j. All other individuals having access to any Protected Material, other than the following persons, shall read this Protective Order prior to disclosure and shall certify in writing, by signing a copy of this Protective Order, that they have read the terms of this Order and understand that they are bound by these terms:

   i. the Court and its staff;

   ii. defendant's attorneys, their law firms, and their outside vendors (messenger, copy, coding, and other clerical-services vendors not employed by the defendant's attorneys);

   iii. persons shown on the face of the document to have authored or received it; and

   iv. court reporters retained to transcribe testimony.

The defendant's counsel of record shall maintain a file of such written certifications.

  k. The disclosure, dissemination, use, or retention of Protected Material contrary to this Order shall be deemed a violation of this Order subjecting the defendant, attorneys, or other person to sanctions.

  l. Any filings with the Court that contain Protected Material shall first be redacted pursuant to Fed. R. Crim. P. 49.1 or, if not redacted, then filed under seal in accordance with the Court's sealing rules and applicable filing procedures.

  m. All Protected Material and all copies must be destroyed or returned to the United States within sixty (60) days of the conclusion of this litigation, except that the defendant's counsel can retain one copy of these materials.

n. This Order solely governs the use of discovery specifically produced or made available by the Government in this criminal action. This Order does not limit the use of documents that the defendant or defendant's counsel already possess prior to receiving discovery or obtain through other means, such as documents received in the course of discovery for *State of Minnesota v. Derek Chauvin*, No. 27-CR-20-12646.

o. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

Dated: June 23, 2021        Respectfully submitted,

W. ANDERS FOLK        KRISTEN CLARKE
Acting United States Attorney     Assistant Attorney General

*/s/ W. Anders Folk*        */s/ Samantha Trepel*
BY: W. ANDERS FOLK      BY: Samantha Trepel
Acting United States Attorney     Special Litigation Counsel
Attorney ID No. 0311388       Attorney ID No. 992377 DC