UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 21-cr-109(1) (WMW/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DEREK MICHAEL CHAUVIN, )<br>)<br>Defendant. )<br>)<br>) | **DEFENDANT'S PRETRIAL MOTION FOR DISCLOSURE OF 404(b) EVIDENCE** |

Derek Michael Chauvin, through his undersigned attorney, Eric J. Nelson, Halberg Criminal Defense, moves the Court for an Order directing the Government to immediately disclose any "bad act" or "similar course of conduct" evidence it intends to offer at trial pursuant to Rule 404 of the Federal Rules of Evidence and to identify the witnesses through whom such evidence will be presented at trial. The Rule itself requires pretrial notice:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *On request by a defendant in a criminal case, the prosecutor must:*
>
> (A) *provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial*; and
>
> (B) *do so before trial*--or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Crim. P. 404(b) (emphasis added).

Pursuant to Rule 404, a timely disclosure of "bad act" evidence must occur upon defendant's request. District Courts hold broad discretion when determining whether a disclosure is timely for the purposes of this rule. Here, an order directing immediate disclosure of such evidence best serves the interest of justice in Defendant's case. However, the interest in preserving the overall fairness of proceeding against defendants is only one consideration weighing in favor of immediate disclosure of 404(b) evidence. Prompt disclosure will also expidite efforts to litigate the admissibility of any such evidence that the government intends to use. Such immediate disclosure would allow both parties to sufficiently brief admissibility issues and motions in limine, and allow the Court an opportunity to rule on admissibility of various evidence prior to trial.

For the reasons stated above, defendant request the Court order the government to disclose any evidence it may seek to introduce under Rule 404(b) of the Federal Rules of Evidence and to identify the witnesses through whom such evidence will be presented at trial.

Respectfully submitted,

**HALBERG CRIMINAL DEFENSE**

Dated: August 11, 2021

/s/ Eric J. Nelson
Eric J. Nelson
Attorney No. 308808
Attorney for Defendant
7900 Xerxes Avenue South, Suite 1700
Bloomington, MN 55431
Phone: (612) 333-3673