**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
*Criminal No.: 21-cr-109(1) (WMW/HB)*

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DEREK MICHAEL CHAUVIN, )<br>)<br>Defendant. )<br>)<br>) | **DEFENDANT'S PRETRIAL MOTION TO COMPEL ATTORNEY FOR THE GOVERNMENT TO DISCLOSE EVIDENCE FAVORABLE TO THE DEFENDANT** |

Derek Michael Chauvin, through his undersigned attorney, Eric J. Nelson, Halberg Criminal Defense, moves the Court for an Order compelling disclosure of evidence favorable to the defendant, pursuant to the authority of *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). Such evidence should include information in the possession of the prosecution or any of its agents, or other evidence the existence of which is known, or by the exercise of due diligence may become known to the prosecution, which: (1) may be favorable to the defendant, (2) could reasonably weaken or affect any evidence that may be introduced against the defendant, (3) is otherwise relevant to the subject matter of this case and may in any manner aid the defendant in the investigation or preparation of his case for trial or sentencing. Defendant also moves that such disclosures be made no later than one month prior to trial.

Defendant moves that this Order direct the prosecution to review the files of all agencies involved in the case to determine whether any additional exculpatory material exists and to

disclose such material to the defense, and that it further direct all law enforcement agencies involved in any way with this case and its underlying investigation disclose all exculpatory materials.

Defendant further moves that this disclosure is to be made without regard to whether the evidence may be admissible and that it shall include, but not limited to, the following:

1. Any identification of persons other than the defendant by eyewitnesses to the crime.
2. Any failure to identify the defendant by any eyewitnesses to the crime.
3. Any statements of any witnesses whether indicted or not, exculpating the defendant.
4. Any statements of witnesses, whether indicted or not, which contradict statements of other witnesses.
5. Any reports of interviews relating to Nos. 3 and 4.
6. Any fingerprints, handwriting or other scientific evidence which was not identified with this defendant.
7. Any items seized from parties not charged which tend to identify them rather than the defendant with commission of the crime.
8. Any prior convictions of prospective government witnesses.
9. Any offers or promises made to prospective government witnesses to induce their cooperation against the defendant whether or not the government intends to call those persons as witnesses.
10. Any photographs used by the government agents in their investigation to identify defendant.
11. All pieces of identification bearing the defendant's names in combinations different than that appearing on the caption of the indictment.
12. Permission for the defendant to inspect and copy the results of any physical or mental examinations or scientific or computer forensic tests or experiments, including but not limited to fingerprint, blood, tissue, fluid or chemical analyses.

This motion is based upon the files and records in this case, the Indictment, the Federal Statutes, the Federal Rules of Criminal Procedure, the United States and Minnesota Constitutions and upon such other and further points and authorities as may subsequently be presented to the Court.

Respectfully submitted,

**HALBERG CRIMINAL DEFENSE**

Dated: August 11, 2021

/s/ Eric J. Nelson
Eric J. Nelson
Attorney No. 308808
Attorney for Defendant
7900 Xerxes Avenue South, Suite 1700
Bloomington, MN 55431
Phone: (612) 333-3673