UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-109 (WMW/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>   Plaintiff,   )<br>   )<br>   )<br>v.   )<br>   )<br>   )<br>DEREK MICHAEL CHAUVIN,   )<br>   )<br>   Defendant.   )<br>   ) | GOVERNMENT'S RESPONSE<br>TO DEFENDANT'S PRETRIAL<br>MOTIONS |

COMES NOW the United States of America, by and through its undersigned attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Samantha Trepel, Special Litigation Counsel for the Civil Rights Division, and responds to the pretrial motions filed by the Defendant, Derek Michael Chauvin.

### I. Introduction

Defendant is charged with federal civil rights violations stemming from the arrest of Juvenile 1 on September 4, 2017. Defendant is charged with two counts of deprivation of rights under color of law, in violation of 18 U.S.C. §§ 242 and 2, for willfully depriving Juvenile 1 of the right to be free from Defendant's use of unreasonable force, resulting in bodily injury.

Upon an unopposed motion by the United States (*see* ECF No. 15), the Court entered an order designating the case as complex under the Speedy Trial Act. ECF No. 16. Pursuant to a Protective Order Governing Discovery (*see* ECF No. 22), the government made timely disclosures to the defense. The disclosures were voluminous, totaling more

than 370 gigabytes of data, and comprised of documents as well as audio and video evidence. While not yet required by the various rules governing discovery or Court order, the government has disclosed to the defense materials subject to eventual production pursuant to the Jencks Act and Fed. R. Evid. 404(b). Defendant has filed pretrial motions, which are addressed below.

## II.  Response to Motions

### A.  Motion for Pretrial Disclosure of 404(b) Evidence: ECF No. 24.

Defendant moves the Court for disclosure of any prior "bad act" or "similar course of conduct" evidence the government intends to offer at trial. Defendant also moves for "immediate" disclosure of such evidence, along with immediate identification of the witnesses through whom such evidence will be presented at trial. ECF No. 24 at 2. The government has already made significant disclosures of such evidence, is fully aware of its disclosure and notice obligations under Fed. R. Evid. 404, and intends to comply fully with those obligations.

The issue before the Court is *when* disclosures and notice under Rule 404(b) must be made. The government is required to "provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown." Fed. R. Evid. 404(b). The government objects to any requests for "immediate" disclosure of 404(b) evidence or identification of the witnesses through whom such evidence will be presented at trial. Immediate disclosure is not contemplated by the rules or the case law. *See, e.g.*, *United States v. Harris*, Crim. No. 20-98 (SRN/TNL), 2021 WL 3013145, at *1-2 (D. Minn. July

16, 2021); *United States v. Garcia*, Crim. No. 20-230(2) (ECT/TNL), 2021 WL 651431, at *4-*5 (D. Minn. Feb. 19, 2021).

The government has no objection to providing Rule 404(b) notice and evidence 30 days before trial, to the extent such evidence has not already been disclosed by that date. The government will thereby provide sufficient 404(b) notice and evidence to enable the defendant to prepare for trial. Moreover, any notice will demonstrate "the permitted purpose for which the [government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

The United States respectfully requests that any order regarding Rule 404 evidence be strictly drawn to require no more than what is encompassed by the Rule. Specifically, Rule 404(b) does not encompass acts that are "intrinsic" to the charged offense. *See* Fed. R. Evid. 404 advisory committee's notes, 1991 Amendments. If conduct of a defendant is an "intrinsic" part of a charged offense but could nonetheless be considered a "bad act," Rule 404(b) does not contemplate that notice of such evidence need be given. *See United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010); *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."); *United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

"Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted). This distinction is important because any defendant

could claim that the United States must give notice of every "bad act" it intends to introduce, whether or not intrinsic to the charged offense; this is not required by the Rule. *See United States v. Maxwell*, 643 F.3d 1096, 1100 (8th Cir. 2011) (holding that Rule 404(b) "does not extend to evidence of acts which are 'intrinsic' to the charged offense . . . because such acts are not truly separate bad acts that show propensity, but are intrinsic evidence which is inextricably intertwined with the crime charged"); *United States v. O'Dell*, 204 F.3d 829, 833 (8th Cir. 2000) (noting "firmly established" case law that "Rule 404(b) does not apply" to non-extrinsic "crimes or acts which are 'inextricably intertwined' with the charged crime").

    **B.   Motions for Discovery and Inspection: ECF Nos. 25, 27, 32.**

Defendant moves the Court for discovery pursuant to Fed. R. Crim. P. 16. The government has no objection to providing Rule 16 discovery to Defendant. The United States has complied, and will continue to comply, with Fed. R. Crim. P. 16(a)(1)(A)-(F), thereby rendering Defendant's motion moot with respect to such items. As described above, the United States has already provided or made available a noteworthy volume of written and electronic disclosures and understands its continuing obligations with respect to discovery under the applicable rules. The government will continue to disclose additional materials as they are available.

The United States objects to any discovery order that exceeds the requirements of Rule 16, and specifically objects to orders for disclosures that are not required by the rules or orders for immediate disclosure of information not required to be immediately disclosed. This includes but is not limited to Jencks Act material, 404(b) information, government

4

witness lists, and grand jury information — each of which is dealt with more specifically herein. Rule 16 is the only vehicle for discovery in a criminal case, and courts have held consistently that there is no general constitutional right to discovery in a criminal case. *See United States v. Bursey*, 429 U.S. 545, 559 (1977). The government's demonstrated willingness to voluntarily produce significant disclosures early should not lead to an order that it do so. As noted above, the government is aware of its continuing duty to disclose and will comply with its discovery obligations in the time and manner required by the rules and Court order.

Defendant also moves the Court for an order pursuant to Rule 16(a)(1)(G) requiring the government to disclose a written summary of any expert witness the government intends to use under Fed. R. Evid. 702, 703, and 705. The government is aware of its obligations and will fully comply with Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, Rules 702, 703, and 705 of the Federal Rules of Evidence, and any order issued by the Court regarding expert testimony. After further meeting and conferring with counsel, the parties anticipate that they may offer expert testimony, and thus, will seek reciprocal expert disclosures pursuant to an expert scheduling order after a trial date in this matter has been set by the Court and after the parties have had a chance to meet and confer in the hope of proposing a joint scheduling request.

### C. Motion for Government Agents To Retain Rough Notes and Evidence: ECF. No. 26.

Defendant moves the Court for an order requiring any law enforcement officer to preserve and retain for inspection all rough notes and video or audio tapes gathered as part

of the investigation of this case. The government does not object to requiring the law enforcement officials involved in the investigation of this case to retain and preserve their rough notes, and agents involved in the investigation have already been instructed to keep and preserve the same until and through trial in this matter. To the extent Defendant makes a general preservation demand, the United States is cognizant of its discovery obligations and will comply with those duties. Those obligations necessarily encompass not destroying relevant and actual evidence—tangible or otherwise. The United States objects to Defendant's request to the extent it demands a general preservation order that goes beyond the scope of Rule 16, *Brady*, *Giglio*, and/or the Jencks Act.

Additionally, the government objects to any order concerning the disclosure of rough notes—including by making them available for review. Rough notes are not considered statements within the meaning of the Jencks Act, 18 U.S.C. § 3500. *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding that rough notes were not a statement of witness as there was no evidence witness signed, adopted or approved of notes); *United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990) (defendant not entitled to discover government agents' general notes from witness interviews). Nor are agent rough notes generally discoverable as "statements" of the agent. *See United States v. Simtob*, 901 F.2d 799, 808-09 (9th Cir. 1990) (defendant not entitled to discover testifying agent's rough notes of investigation as Jencks Act material when the notes merely represented pieces of information put in writing to refresh memory); *United States v. Williams*, 875 F.2d 846, 853 (11th Cir. 1989) (defendant not entitled to discover agents'

6

personal notes, contact sheets, witness lists, and summaries of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony).

To the extent any video or audio tapes are discoverable pursuant to the Rules of Evidence or as *Brady* or *Giglio* evidence, or may later be discoverable pursuant to the Jencks Act, the government has already produced or will retain such evidence.

### D.  Motion for Participation by Counsel in Voir Dire: ECF No. 28.

Defendant moves the Court for an order permitting his attorney to supplement the Court's voir dire examination by further inquiring as to what stereotypes a prospective juror might maintain and the impact caused by these beliefs on a juror's impartiality. The United States agrees that some form of attorney voir dire is likely appropriate in this case, as well as some form of pretrial juror questionnaire. However, the United States objects to these motions as premature, as counsel's participation in voir dire is a matter for the District Court to address at or shortly before trial. This motion should be denied subject to counsel re-asserting the motion to the District Court at the appropriate time.

### E.  Motion for Disclosure of *Brady* Material, *Giglio* Material and/or Evidence Favorable to the Defendant: ECF No. 29.

Defendant moves the Court for an order compelling disclosure of evidence favorable to the defendant. The United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The United States has complied, and will continue to comply, fully with those obligations. To the extent evidence exists that is both favorable to Defendant and material to either guilt or punishment, the evidence will be, or already has been, disclosed.

The United States objects to Defendant's motion for production of *Giglio* material no less than one month before trial. *See* ECF No. 29 at 1. Disclosure of impeachment material is timely if it is produced in compliance with the requirements of the Jencks Act, *see, e.g.*, *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975); *United States v. Eisenberg*, 469 F.2d 156, 160 (8th Cir. 1972), which expressly provides in relevant part that statements or reports made by a prospective government witness—to the extent they are not exculpatory—are not subject to "subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). *See United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008) (recognizing that government cannot be compelled to produce Jencks Act material until after witness has testified at trial on direct examination).

Finally, while the United States understands its obligations under *Giglio* and *Brady* to disclose certain other impeachment evidence, if any, for its witnesses, it declines to provide any such material with respect to persons who will not be called as witnesses, to the extent such a request is beyond the scope of *Brady* and its progeny. *See Eisenberg*, 469 F.2d at 160; *United States v. Presser*, 844 F.2d 1275, 1283-85 (E.D.N.Y. 2000).

**F.  Motion for List of Government Witnesses: ECF No. 30.**

Defendant moves the Court for an order requiring the government to produce a list of all individuals it intends to call as a witness at trial, whether for the case in chief or in rebuttal, including the name and address of each potential witness. Defendant requests that the order require this information be provided one month in advance of trial. The government is under no obligation to provide this information to the defense prior to trial.

*See United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) (commenting that in 1975 Congress amended Rule 16 to eliminate a requirement that the government disclose its witness list prior to trial). The United States does not yet know which witnesses it intends to call at trial. The United States agrees to provide, at least 30 days prior to trial, a potential witness list identifying the witnesses it may call in its case-in-chief, and expressly asks that a similar and reciprocal disclosure obligation be ordered for Defendant.

### G. Motion for Disclosure of Grand Jury Minutes and Transcripts: ECF No. 31.

Defendant moves the Court for an order directing the government to disclose the minutes and transcripts of the grand jury. The government has already disclosed the vast majority of grand jury transcripts to the defense and will produce the grand jury transcript of any witness it intends to call at the motions hearing or at trial. The government objects to an order directing it to produce any transcript in advance of the corresponding witness's testimony, except to the extent provided for in the government's response to the Defendant's Motion for Early Disclosure of Jencks Act material.

### H. Motion for Early Disclosure of Jencks Act Material: ECF No. 33.

Defendant moves the Court for an order requiring the government to provide early disclosure of Jencks Act materials. The government objects to this motion. The Eighth Circuit has repeatedly and consistently held in this Circuit and District that the government cannot be compelled to make pretrial disclosure of Jencks material. *See, e.g.*, *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992); *United States v. White*, 750 F.2d 726 (8th Cir. 1984); *United States v. Finn*, 919 F. Supp. 1305, 1315 n.3 (D. Minn. 1995).

Accordingly, the United States objects to any court-ordered disclosure of such statements prior to the witnesses' testimony and anticipates that the parties will agree to a reciprocal date for such disclosures. Nevertheless, the government has already provided a significant volume of Jencks Act materials to Defendant.

### III.  Conclusion

WHEREFORE, the government respectfully asks this Honorable Court to enter an Order consistent with the government's responses.

Dated: August 27, 2021                                       Respectfully submitted,

W. ANDERS FOLK                                   KRISTEN CLARKE
Acting United States Attorney                    Assistant Attorney General
                                                 Civil Rights Division

/s/ W. Anders Folk
BY:   W. ANDERS FOLK                             /s/ Samantha Trepel
Acting U.S. Attorney                             BY:   SAMANTHA TREPEL
Attorney ID No. 0311388                          Special Litigation Counsel
                                                 Attorney ID No. 992377 DC