UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Derek Michael Chauvin,<br><br>Defendant. | Case No. 21-cr-109 (WMW/HB)<br><br><br>**ORDER** |

HILDY BOWBEER, United States Magistrate Judge

This case is before the undersigned United States Magistrate Judge on the nondispositive pretrial motions filed by the United States of America and Defendant Derek Michael Chauvin. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The Court held a remote hearing on the parties' non-dispositive motions on Thursday, September 16, 2021. (*See* Sept. 16, 2021 Ct. Mins [ECF No. 39].) At that time, the Defendant withdrew his Motion for Discovery and Inspection of Records of All Electrical Surveillance [ECF No. 37] based on the Government's representations that no such evidence existed, and the Court took the other motions under advisement. The Court finds the motions appropriate for summary disposition and will resolve them accordingly.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal

Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 [ECF No. 14] is **GRANTED** to the extent required by those Rules.

2. Defendant's Motion for Disclosure of 404(b) Evidence [ECF No. 24] is **GRANTED** in that the Government shall give notice no later than thirty days before trial of its intention to introduce Rule 404(b) evidence. If the Government discovers any Rule 404(b) evidence that it intends to use after the deadline, it shall produce the evidence as soon as possible. Nothing in this order shall be deemed to require the disclosure of wrongful conduct "intrinsic" to the crime charged. *See United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010).

3. Defendant's Motion to Retain Rough Notes [ECF No. 26] is **GRANTED** as to retention and preservation only. The Government must retain and preserve their rough notes and video or audio tapes gathered as part of the investigation of this case.

4. Defendant's Motion for Counsel to Participate in Voir Dire [ECF No. 28] is **DENIED WITHOUT PREJUDICE**. Defendant may bring his motion before the trial court at the appropriate time.

5. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant [ECF No. 29] is **GRANTED** to the extent contemplated by *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny.

6. Defendant's Motion for List of Government Witnesses [ECF No. 30] is **DENIED**. The Government is not required to disclose its witnesses prior to trial. *United*

*States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012).  However, the parties have agreed to exchange their witness lists no later than 30 days prior to trial.

7. Defendant's Motion for Disclosure of Grant Jury Minutes and Transcript [ECF No. 31] is **DENIED** because Defendant has not made a showing of a "particularized need" for the grand jury transcripts. *See United States v. Benson*, 760 F.2d 862, 864 (8th Cir. 1985).  The Court notes, however, that the Government represents it has provided the majority of the transcripts sought and has agreed to discuss further disclosure when the parties meet and confer regarding Jencks Act material.

8. Defendant's Motion for Discovery and Inspection [ECF No. 32] is **GRANTED** to the extent required by Federal Rule of Criminal Procedure 16.

9. Defendant's Motion for Early Disclosure of Jencks Act Material [ECF No. 33] is **DENIED**. *See United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984).  The Government has agreed, however, to meet and confer on a mutually agreeable date for reciprocal disclosure of Jencks Act material.

10. Defendant's Motion for Discovery and Inspection of Expert Witness Testimony [ECF No. 36] is **GRANTED** to the extent required by Federal Rule of Criminal Procedure 16(a)(1)(G).  The parties are further directed to meet and confer for the purpose of proposing a joint scheduling order for the disclosure of expert witnesses after a trial date in this matter has been set.

Dated: September 21, 2021

                                           *s/ Hildy Bowbeer*
                                           HILDY BOWBEER
                                           United States Magistrate Judge