UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

Plaintiff,

v.

Derek Michael Chauvin,

Defendant.

Case No. 21-cr-0109 (WMW/HB)

**ORDER**

---

This matter is before the Court on Chief Judge John R. Tunheim's September 3, 2021 General Order No. 30.[1]  Under General Order No. 30, the District of Minnesota will conduct criminal jury and bench trials.  Among other things, General Order No. 30 recognizes that the Court has developed a protocol for jury trials to ensure the health and safety of all participants, pursuant to which only a limited number of jury trials may take place at the same time.  General Order No. 30 also provides that criminal jury trials may be continued until the date that the criminal jury trial commences, and that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.

General Order No. 30, which is hereby incorporated by reference, was issued based on: (1) the President of the United States of America declaring a national state of emergency in response to COVID-19; (2) the COVID-19 restrictions imposed by local detention facilities that impact the ability of pretrial detainees to consult with legal

---

[1]    All General Orders related to the COVID-19 pandemic can be found on the Court's website at www.mnd.uscourts.gov.

counsel and appear in person at a United States Courthouse; (3) the Bureau of Prisons'

modified operations; and (4) the interests of the health of courtroom participants and

court staff, the constitutional rights of criminal defendants, the ability to conduct certain

criminal proceedings via videoconference or telephone conference under the CARES Act,

and the public's interest in and the Court's duty to ensure the effective and expeditious

administration of justice.   Specifically, General Order No. 30 states the following

concerning the Speedy Trial Act:

> If the criminal jury trial must be continued, the Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of the criminal defendants under 18 U.S.C. § 3161(h)(7)(A). Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, or the date of the indictment, whichever is later, to the date that the criminal jury trial commences.

The Defendant in this case is awaiting a jury trial.  Due to the challenges created

by the COVID-19 pandemic, the Court is unable to safely commence the jury trial in this

case on or before December 31, 2021.

For the reasons addressed in General Order No. 30, the well-documented concerns

about COVID-19, and because the jury trial in this case cannot commence on or before

December 31, 2021, the Court specifically finds that the ends of justice served by

ordering a continuance outweigh the best interests of the public and the Defendant's right

to a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  In making this finding, the Court

concludes that the failure to exclude time through December 31, 2021, would result in a

miscarriage of justice under the unique circumstances the COVID-19 pandemic presents.

18 U.S.C. § 3161(h)(7)(B)(i).

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that the period of time between May 6, 2021, and December 31, 2021, is excluded from computation under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

Dated:  September 21, 2021                                  s/Wilhelmina M. Wright
                                                            Wilhelmina M. Wright
                                                            United States District Judge

3